UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 4:05-CV-715-CDP
                                      )
ALAN BLAKE, et al.,                   )
                                      )
            Defendants.               )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are MSOTC employees Alan Blake, Dr. Jon Rosenboom, Linda Meade, and Unknown MSOTC Members. Plaintiff claims that "[t]he government has become obsessed with vindictive civil commitment schemes" and is "civilly committing [people] to state hospitals under the guise of a current mental disorder and public safety." He further claims that "commitments are easily obtained because the term 'sexually violent predator' constitutional rights [sic]." In his claim for relief, plaintiff seems to be advocating "civil

commitment programs like those in Washington, Missouri, and California," and he states that "other states are exploring different options, some, like Colorado are now using a two-step approach."

## Discussion

Although the Court has carefully reviewed the complaint, the precise nature of plaintiff's claims is unclear. Liberally construing the complaint as challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513,[1] the Court notes that a favorable ruling for plaintiff would necessarily imply the invalidity of his current confinement. Habeas corpus, however, is the proper mechanism for an individual to challenge either the fact or length of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Moreover, even if the Court liberally construed the complaint as a federal habeas corpus action, there is no indication that plaintiff previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, an individual must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court

---

[1] Missouri's SVPA authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

3

of Kentucky, 410 U.S. 484 (1973).

Furthermore, to the extent that plaintiff is attempting to claim that the Missouri sexual offender program is a medical service and is inadequate under the Due Process Clause of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2001 WL 527409 (N.D.Ill.).[2]  "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id. Plaintiff's allegations simply are not cognizable as a constitutional violation. Therefore, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's original motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

---

[2] Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of July, 2005.

                                                  _____
                                                  **UNITED STATES DISTRICT JUDGE**